**Filfil Filfil THANI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–72778.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 2008.[*]

Filed Jan. 20, 2009.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Larry F. Chin, Julian & Chin LLP, Seattle, WA, for Petitioner.

Virginia Lum, Oil, Aimee J. Frederickson, Trial, Sada Manickam, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: GOULD, TALLMAN and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Petitioner, a Zanzibari from Tanzania, seeks review of the denial of his application for withholding of removal and request for relief pursuant to the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") denied relief because they found that petitioner was not credible. Because substantial evidence supports this determination the petition for review is denied.

We have jurisdiction to review this petition under 8 U.S.C. § 1252. We review the BIA's findings of fact for substantial evidence and must uphold an adverse credibility determination "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Wang v. INS*, 352 F.3d 1250, 1257 (9th Cir.2003) (quoting *Monjaraz–Munoz v. INS*, 327 F.3d 892, 895 (9th Cir.2003)). In reviewing a credibility determination, we consider the totality of the circumstances, including any inconsistencies in the petitioner's or the witnesses' accounts regardless of whether they go to the heart of petitioner's claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Malkandi v. Mukasey*, 544 F.3d 1029, 1040 (9th Cir. 2008).

Petitioner sought withholding of removal and relief under the CAT because of alleged political persecution. However, the rejection of these claims based on an adverse credibility determination is supported by substantial evidence. In particular, petitioner previously submitted a Form I–485 wherein he indicated that he had never been a member of a political group and had never been arrested. Yet in applying for asylum, petitioner claimed that he was twice arrested in Tanzania for membership in the Civic United Front Party. The BIA properly based its ad-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

verse credibility determination on these inconsistencies.

The adverse credibility determination is also supported by the inconsistency between petitioner's testimony that his left elbow was dislocated as a result of a beating in 1995 and a medical report which stated that he dislocated his right shoulder, and the fact that petitioner's father, although allegedly a member of the same political party as petitioner, continues to reside in Zanzibar and apparently has not had any trouble with the government. Further support for the adverse credibility determination is reasonably gleaned from petitioner's failure to apply for asylum for five years after arriving in the United States. Thus, even if we were to credit petitioner's objections to the IJ's comments concerning petitioner's political knowledge and to the IJ's concern with the apparent lack of authenticity of some of petitioner's documents, there remains substantial evidence to support the adverse credibility determination.

Where, as here, a petitioner's CAT claim is based on statements that are found to be not credible, and the petitioner offers no other evidence to support his claim, the CAT claim is properly rejected. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

The petition to review the BIA's denial of withholding of removal and denial of relief under the Convention Against Torture is **DENIED.**